FILED & ENTERED

MAR 11 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte      DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>The Litigation Practice Group P.C.,<br><br><br><br><br>Debtor.<br><br>Richard A. Marshack, Chapter 11 Trustee,<br><br>Plaintiff,<br>v.<br><br>Perfect Financial LLC,<br><br>Defendant. | CHAPTER 11<br><br>Case No.:  8:23-bk-10571-SC<br>Adv. No.:  8:24-ap-01003-SC<br><br>**ORDER OVERRULING EVIDENTIARY OBJECTIONS TO DECLARATIONS OF TONY DIAB, BRADFORD LEE, SARAH MATTINGLY, AND JOSHUA TEEPLE**<br><br>Date:        September 11, 2025<br>Time:        1:30 p.m.<br>Courtroom:  5C |

Richard A. Marshack, Chapter 11 Trustee ("Plaintiff" or "Trustee"), filed his Amended Motion for Summary Judgment on July 31, 2025 [Dk. 49] (the "Amended Motion") seeking entry of judgment against Perfect Financial LLC ("Defendant" or "Perfect Financial") on all claims asserted in the complaint [Dk. 1]. Defendant filed multiple pleadings in opposition to the Amended Motion, including numerous evidentiary

-1-

objections to the declarations and evidence supporting the motion (collectively, the "Evidentiary Objections").

The Court having considered the Evidentiary Objections to the Declaration of Tony Diab [Dk. 51], the Evidentiary Objections to the Declaration of Bradford Lee [Dk. 52], the Evidentiary Objections to the Declaration of Sarah Mattingly [Dk. 53], and the Evidentiary Objections to the Declaration of Joshua Teeple [Dk. 54], and having overruled the Evidentiary Objections at the hearing held on September 11, 2025, the Court finds good cause to order as follows:

1. The Evidentiary Objections to the Declaration of Tony Diab are OVERRULED, as set forth below.

2. The Evidentiary Objections to the Declaration of Bradford Lee are OVERRULED, as set forth below.

3. The Evidentiary Objections to the Declaration of Sarah Mattingly are OVERRULED, as set forth below.

4. The Evidentiary Objections to the Declaration of Joshua Teeple are OVERRULED, as set forth below.

## I.    Applicable Legal Standards

Federal Rule of Bankruptcy Procedure 7056 incorporates Federal Rule of Civil Procedure 56 ("Rule 56") and applies it to adversary proceedings. At summary judgment, the bankruptcy court applies the same evidentiary standards that govern at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Evidence submitted at summary judgment need only be capable of being presented in admissible form at trial. Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). Accordingly, courts may consider evidence whose content would be admissible at trial even if the form of the evidence would not itself be admissible. *See Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001)). Read together, "[a] trial

court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

On a motion for summary judgment, "[a]dmissibility is determined under the Federal Rules of Evidence." *Tekoh v. County of Los Angeles*, 270 F. Supp. 3d 1163, 1169 (C.D. Cal. 2017) (citation omitted). However, objections that evidence is irrelevant, speculative, argumentative, or constitutes an improper legal conclusion are often duplicative of the summary judgment standard itself. To the extent the court does not rely on such evidence to resolve a material factual issue, such objections are redundant and need not be separately addressed. *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248 ("Factual disputes that are irrelevant or unnecessary will not be counted.").

Further, objections directed to the weight, characterization, or credibility of evidence are not proper at summary judgment, because the Court does not weigh evidence or make credibility determinations at this stage. *Sernoffsky v. Novak*, 773 F. Supp. 3d 988, 999-1000 (S.D. Cal. 2025) (citing *Salter v. Wash Twp. Health Care Dist.*, 260 F. Supp. 2d 919, 923-24 (N.D. Cal. 2003), *rev'd in part on other grounds*, 112 F.App'x 557 (9th Cir. 2004)).

"Unauthenticated documents cannot be considered in a motion for summary judgment" because "authentication is a 'condition precedent to admissibility.'" *Orr v. Bank of America, NT & SA*, 285 F.3d at 773 (quoting Fed. R. Evid. 901(a)). However, documents submitted at summary judgment may be authenticated by any method permitted under the Federal Rules of Evidence, not solely through personal knowledge. *See Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532-533 (9th Cir. 2011). "Once the trial judge determines that there is prima facie evidence of genuineness, the evidence is admitted, and the trier of fact makes its own determination of the evidence's authenticity and weight." *Orr v. Bank of America, NT & SA*, 285 F.3d at 773 n.6.

A court need not rule on evidentiary objections that are not material to its ruling. *Williams v. Cnty. of San Diego*, 523 F. Supp. 3d 1183, 1194 (S.D. Cal. 2021). In cases

-3-

involving numerous evidentiary objections, it is neither necessary nor practical for the Court to provide a detailed ruling on each objection. *Doe v. Starbucks, Inc.*, 2009 U.S. Dist. LEXIS 118878, 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009); *Capitol Records, LLC v. BlueBeat, Inc.*, 765 F. Supp. 2d 1198, 1200 n.1 (C.D. Cal. 2010); *see also Burch v. Regents of Univ. of California*, 433 F. Supp. 2d at 1118 ("[T]he court will [only] proceed with any necessary rulings on defendants' evidentiary objections.").

Additionally, "while a court is obligated to make rulings on objections to evidence that are material to the motion, it is not required to critique a party's articulation of evidentiary rules…. An objection is material if the court has considered the evidence that is the subject of the objection." *Tekoh v. County of Los Angeles*, 270 F. Supp. 3d at 1169 (citations omitted).

For purposes of resolving the Amended Motion for Summary Judgment, the Court addresses only those evidentiary objections directed to material relied upon in the Statement of Uncontroverted Facts and cited by the Court in its summary judgment analysis. These rulings are made solely in connection with the summary judgment record and do not constitute determinations regarding the ultimate admissibility of evidence at trial.

## II.    Rulings on Evidentiary Objections

In connection with its Opposition filed August 21, 2025 [Dk. 50], Defendant filed evidentiary objections to the declarations submitted in support of the Amended Motion, including the declarations of Tony Diab, Bradford Lee, Sarah Mattingly, and Joshua Teeple. The Court addresses those objections pursuant to Federal Rule of Civil Procedure 56 and the Federal Rules of Evidence.

These evidentiary rulings are applied in connection with, and are considered together with, the Court's Order resolving the Amended Motion for Summary Judgment entered concurrently with this Order.

The Court's rulings below address only those portions of the declarations cited in Trustee's Statement of Uncontroverted Facts and relied upon by the Court in resolving

the Amended Motion for Summary Judgment. To the extent any declaration contains statements beyond those portions identified below, the Court does not rely on such statements in resolving the motion.

Where testimony is considered, it is considered only for the limited factual purposes identified in this Order and not for any ultimate legal conclusions.

For each declaration, the Court evaluates personal knowledge and foundation under Rule 56(c)(2), considering whether the substance of the testimony could be presented in admissible form at trial rather than requiring complete trial-level foundation at the summary judgment stage.

To the extent any objection is not expressly discussed below, the Court has considered it and overrules it either as immaterial to the Court's resolution of the summary judgment motion or because the Court does not rely on the challenged evidence in determining whether a genuine dispute of material fact exists. To the extent any evidence referenced in the parties' submissions is not discussed in this Order, the Court has reviewed that material and concludes that it does not affect the determination that no genuine dispute of material fact precludes summary judgment.

### A.    Objections to the Declaration of Tony Diab

The Court has considered Defendant's Evidentiary Objections to the Declaration of Tony Diab filed August 21, 2025 [Dk. 51], the Declaration of Tony Diab [Dk. 49-5] (the "Diab Declaration"), the Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law [Dk. 49-1] (the "Statement of Uncontroverted Facts"), the applicable Federal Rules of Evidence, Rule 56, and applicable Ninth Circuit authority.

For purposes of resolving the pending motion for summary judgment, the Court considers Diab Declaration ¶¶ 4, 5, 7, 10, 11, 12, 14, 19, 24, 25, and 26, to the extent those paragraphs reflect Mr. Diab's personal knowledge regarding the receipt, deposit, routing, and disposition of funds received by or transferred through accounts used by Debtor or its affiliates, as shown by the record evidence. Trustee cites these paragraphs in support of the Statement of Uncontroverted Facts, and Defendant raises evidentiary

objections to certain portions of the declaration.

The Court does not rely on the Diab Declaration for legal conclusions, ultimate characterizations regarding ownership or trust status, or opinions concerning the legal effect of the funds at issue, and the Court does not resolve credibility disputes or alleged inconsistencies at the summary judgment stage. The Court addresses only those objections that bear on the declaration paragraphs material to summary judgment and relied upon in resolving the motion; objections directed to other portions of the Diab Declaration not cited in the Statement of Uncontroverted Facts or relied upon by the Court are moot. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248.

### 1.    Lack of Foundation

The lack-of-foundation objections to Diab Declaration ¶¶ 5, 19, 24, 25, and 26 are OVERRULED.

Mr. Diab testifies based on his personal participation in and knowledge of specific instructions and fund movements described in the cited paragraphs, including the establishment and use of affiliated entities and the instructions governing how those funds were moved, diverted, and expended. His testimony concerns matters within his personal knowledge arising from that participation and oversight as a principal and insider of Debtor.

Personal knowledge may be inferred from a declarant's role and involvement in the underlying conduct. *Barthelemy v. Air Line Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990). At the summary judgment stage, the Court considers whether the substance of the testimony could be presented in admissible form at trial, not whether every foundational element has been established in the declaration itself. Fed. R. Civ. P. 56(c)(2); *Fraser v. Goodale*, 342 F.3d at 1036-37.[1]

To the extent Defendant's objections contend the declaration lacks specificity as

---

[1] At summary judgment, the Court evaluates objections based on lack of foundation or personal knowledge by determining whether the substance of the testimony could be presented in admissible form at trial, rather than requiring that every foundational detail be established in the declaration itself. *Fraser v. Goodale,* 342 F.3d at 1036-37; *see also JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016) (summary judgment evidence need only be capable of admission at trial).

to particular dates, amounts, recipients, or the identification of affiliated entities, those objections challenge the degree of factual detail, not the existence of admissible evidence, and do not warrant exclusion at the summary judgment stage where the testimony could be presented in admissible form at trial. Fed. R. Civ. P. 56(c)(2).

### 2. Hearsay

The hearsay objections to Diab Declaration ¶¶ 19 and 26 are OVERRULED.

These paragraphs describe Mr. Diab's own actions, decisions, and instructions concerning the diversion and disbursement of LPG funds through affiliated entities. Such testimony is not hearsay because it is not offered to prove the truth of out-of-court statements, but to describe Mr. Diab's own conduct and firsthand knowledge. Fed. R. Evid. 801(c).

To the extent Mr. Diab references communications with others, those references are offered to explain actions taken and business practices implemented, not for the truth of the matters asserted. At the summary judgment stage, such testimony may be considered so long as it could be presented in admissible form at trial. *Fraser v. Goodale*, 342 F.3d at 1036-37.

To the extent any referenced statements would be offered for their truth, they may be presented in admissible form at trial through the testimony of the declarants or applicable hearsay exceptions, and thus may be considered at summary judgment.

### 3. Improper Opinion

The improper-opinion objections to Diab Declaration ¶¶ 5 and 25 are OVERRULED.

Mr. Diab does not purport to offer expert testimony or a technical legal analysis. These paragraphs reflect Mr. Diab's firsthand knowledge, arising from his personal participation in and oversight of the conduct described, regarding how LPG funds were handled and the manner in which affiliated entities functioned in practice. Such testimony is based on Mr. Diab's personal involvement in the underlying conduct and is offered as factual context, not as an expert opinion or legal conclusion.

Objections that such testimony constitutes improper opinion or legal conclusion are duplicative of the summary judgment standard and do not warrant exclusion. *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006); *Sernoffsky v. Novak*, 773 F. Supp. 3d at 999-1000.

The Court does not rely on Mr. Diab to supply any ultimate legal conclusion. His testimony is considered only for the factual circumstances surrounding LPG's operations and the movement and use of funds.

### 4.    Relevance

The relevance objections to Diab Declaration ¶¶ 5, 12, 19, and 26 are OVERRULED.

The testimony is relevant to Trustee's claims concerning the diversion of LPG's assets through affiliated entities and the movement and disbursement of those funds in connection with the transfers at issue. Objections asserting irrelevance, speculation, or argumentative character do not warrant exclusion at the summary judgment stage. *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d at 1119.

### 5.    Credibility

The credibility objection to Diab Declaration ¶ 4 is OVERRULED.

At summary judgment, the Court does not weigh evidence or make credibility determinations. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 255.

### 6.    Conclusion as to Mr. Diab

Defendant's Evidentiary Objections to the Declaration of Tony Diab are OVERRULED.

### B.    Objections to the Declaration of Bradford Lee

The Court has considered Defendant's Evidentiary Objections to the Declaration of Bradford "Brad" Lee filed August 21, 2025 [Dk. 52], the Declaration of Bradford Lee [Dk. 49-4] (the "Lee Declaration"), Trustee's Statement of Uncontroverted Facts [Dk. 49-1], the Federal Rules of Evidence, Rule 56, and applicable Ninth Circuit authority. None of the objections warrant exclusion of the Lee Declaration testimony relied upon for

summary judgment.

For purposes of resolving the pending motion for summary judgment, the Court considers Lee Declaration ¶¶ 4, 5, 6, 7, and 8, to the extent those paragraphs reflect Mr. Lee's personal knowledge regarding payment processing activities, fund transfers, and the operational handling of funds through accounts used by Debtor or affiliated entities, as shown by the record evidence. Trustee cites these paragraphs in support of the Statement of Uncontroverted Facts, and Defendant raises evidentiary objections to certain portions of the declaration.

The Court does not rely on the Lee Declaration for legal conclusions, characterizations of ownership or control, or opinions regarding the legality of the transactions at issue, and does not make credibility determinations at summary judgment. The Court addresses only those objections that bear on the declaration paragraphs material to summary judgment and relied upon in resolving the motion; objections directed to other portions of the Lee Declaration not cited in the Statement of Uncontroverted Facts or relied upon by the Court are moot. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248.

### 1.    Lack of Foundation/Personal Knowledge

The lack-of-foundation and personal-knowledge objections to Lee Declaration ¶¶ 4, 5, 6, 7, and 8 are OVERRULED.

Mr. Lee testifies based on his personal employment experience with LPG and affiliated entities, including his role related to ACH processing and his firsthand observations of how funds were routed and handled within LPG's operations. His testimony reflects matters within his personal knowledge as a percipient observer, or participant to the extent of his role, in the relevant operational activities.

Personal knowledge may be inferred from a declarant's professional role and responsibilities. *Barthelemy v. Air Line Pilots Ass'n*, 897 F.2d 999 (9th Cir. 1990). At the summary judgment stage, the Court considers whether the substance of the testimony could be presented in admissible form at trial, not whether every foundational detail has

been established in the declaration itself. Fed. R. Civ. P. 56(c)(2); *Fraser v. Goodale*, 342 F.3d at 1036-37.

### 2.   Hearsay

The hearsay objections to Lee Declaration ¶¶ 4, 7, and 8 are OVERRULED.

These paragraphs describe Mr. Lee's own observations and participation in LPG's operations, including his involvement in ACH processing and his observations regarding how funds were directed and transferred through affiliated entities. Such testimony is not hearsay because it is not offered to prove the truth of out-of-court statements, but to describe Mr. Lee's own conduct and firsthand knowledge. Fed. R. Evid. 801(c).

To the extent Mr. Lee references communications with Mr. Diab or others, those references are offered to explain actions taken and operational practices implemented, not for the truth of the matters asserted. At summary judgment, such testimony may be considered so long as it could be presented in admissible form at trial. *Fraser v. Goodale*, 342 F.3d at 1036-37.

### 3.   Improper Opinion

The improper-opinion objections to Lee Declaration ¶¶ 4, 5, and 6 are OVERRULED.

Mr. Lee does not purport to offer expert testimony, legal conclusions, or technical opinions regarding insolvency, valuation, or ultimate liability. He testifies as a percipient witness regarding the mechanics of LPG's operations, including ACH processing and the manner in which affiliated entities were used to handle LPG funds, based on his own observations in the course of his employment. Objections that such testimony constitutes improper opinion or legal conclusion do not warrant exclusion at the summary judgment stage. *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d at 1119.

The Court does not rely on Mr. Lee to supply any ultimate legal conclusion. His testimony is considered only for the factual circumstances surrounding LPG's

Main Document    Page 11 of 20

operations and the handling and flow of funds.

### 4.    Relevance

The relevance objection to Lee Declaration ¶ 8 is OVERRULED.

That testimony is directly relevant to Trustee's claims concerning the operational handling of LPG funds and the circumstances under which fund transfers were implemented through affiliated entities. Objections asserting irrelevance do not warrant exclusion at the summary judgment stage. *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d at 1119.

### 5.    Best Evidence

The best-evidence objection to Lee Declaration ¶ 8 is OVERRULED.

Mr. Lee does not seek to prove the contents of any writing through testimonial substitution, but identifies reports he prepared and explains their use in practice, without offering testimony as a substitute for the documents themselves. The Court relies on Mr. Lee's testimony only to explain how such reports were used in practice, not to establish their contents. The underlying documents may be presented in admissible form at trial. Fed. R. Civ. P. 56(c)(2).

### 6.    Conclusion as to Mr. Lee

Defendant's Evidentiary Objections to the Declaration of Bradford Lee are OVERRULED.

### C.    Objections to the Declaration of Sarah Mattingly

The Court has considered Defendant's Evidentiary Objections to the Declaration of Sarah Mattingly filed August 21, 2025 [Dk. 53], the Declaration of Sarah S. Mattingly [Dk. 49-2] (the "Mattingly Declaration"), Trustee's Statement of Uncontroverted Facts [Dk. 49-1], the Federal Rules of Evidence, Rule 56, and applicable Ninth Circuit authority. Having reviewed the objections, the Court concludes that none warrant exclusion of the Mattingly Declaration testimony relied upon for summary judgment.

For purposes of resolving the pending motion for summary judgment, the Court considers Mattingly Declaration ¶¶ 2, 3, 4, and 5, to the extent those paragraphs

identify, attach, and authenticate documents reflected in the record, including bank records, agreements, and Defendant's discovery responses. Trustee cites these paragraphs in support of the Statement of Uncontroverted Facts, and Defendant raises evidentiary objections to certain portions of the declaration.

The Court relies on the documents themselves, not on counsel's narrative descriptions, for the truth of the matters asserted, and does not treat counsel's declaration as substantive evidence. The Court addresses only those objections that bear on the declaration paragraphs material to summary judgment and relied upon in resolving the motion; objections directed to other portions of the Mattingly Declaration not cited in the Statement of Uncontroverted Facts or relied upon by the Court are moot. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248.

### 1.    Lack of Foundation/Personal Knowledge

The lack-of-foundation and personal-knowledge objections to Mattingly Declaration ¶¶ 3 and 4, and to Exhibits B and C, are OVERRULED.

Mattingly testifies regarding Defendant's responses to Trustee's Requests for Admissions and the agreements attached as exhibits to those responses. Her testimony is limited to identifying, attaching, and summarizing Defendant's own admissions and produced documents. Such testimony does not require personal knowledge of the underlying prepetition transactions, and personal knowledge may be inferred from Mattingly's role as counsel reviewing and presenting party admissions and discovery responses. *See Barthelemy v. Air Line Pilots Ass'n*, 897 F.2d at 1018.

At the summary judgment stage, it is sufficient that the substance of the evidence could be presented in admissible form at trial, including through Defendant's own admissions or testimony concerning the agreements and discovery responses attached to the Mattingly Declaration. Fed. R. Civ. P. 56(c)(2); *Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003).

### 2.    Best Evidence

The best-evidence objections to Mattingly Declaration ¶¶ 3 and 4 are

OVERRULED.

Mattingly does not seek to prove the contents of Defendant's admissions or agreements through testimonial description in lieu of the writings themselves. The best evidence rule is not violated where the writings themselves are introduced and testimony merely identifies or references them, rather than substituting for their contents. *See United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004); *Fraser v. Goodale*, 342 F.3d at 1036-37. The Court relies on the exhibits themselves, not on Mattingly's testimony, to establish the contents of Defendant's admissions and agreements**.** Moreover, at the summary judgment stage, evidence may be considered so long as the substance of the evidence could be presented in admissible form at trial, including through the underlying documents themselves. Fed. R. Civ. P. 56(c)(2).

### 3.    Authentication

The authentication objections to Exhibits B and C are OVERRULED.

Exhibits B and C consist of the Accounts Receivable Purchase Agreements dated September 14, 2022 and October 6, 2022, respectively. Defendant has admitted the existence and execution of these agreements in its Amended Responses to Admissions Nos. 32-36 and 37-41, attached as Exhibit A to the Mattingly Declaration, and the agreements themselves were produced by Defendant in discovery. Such documents may be authenticated through Defendant's admissions, Defendant's testimony, or other permissible means at trial. At the summary judgment stage, the Court may consider the exhibits so long as they could be presented in admissible form at trial. *See Orr v. Bank of America, NT & SA,* 285 F.3d at 773-74.

### 4.    Conclusion as to Mattingly

Defendant's Evidentiary Objections to the Declaration of Sarah S. Mattingly are OVERRULED.

### D.    Objections to the Declaration of Joshua R. Teeple

The Court has considered Defendant's Evidentiary Objections to the Declaration of Joshua R. Teeple filed August 21, 2025 [Dk. 54], the Declaration of Joshua R. Teeple

[Dk. 49-3] (the "Teeple Declaration"), Trustee's Statement of Uncontroverted Facts, the Federal Rules of Evidence, Rule 56, and applicable Ninth Circuit authority. Having reviewed the objections, the Court concludes that none warrant exclusion of the Teeple Declaration testimony relied upon for summary judgment.

Mr. Teeple is a Certified Public Accountant, Certified Fraud Examiner, and Certified in Financial Forensics, and serves as accountant to the Trustee. Teeple Decl. ¶ 1. He states that his testimony is based on personal knowledge and/or review of Debtor's books and records, while disclaiming that he or his firm conducted an audit or examination or opine as to the accuracy or completeness of those records. *Id*. ¶ 3.

For purposes of resolving the pending motion for summary judgment, the Court considers Teeple Declaration ¶¶ 5, 6, 7, 8, 9, 10, 11, 12, 16(a)-(b), 18, 19, and 20, to the extent those paragraphs reflect Mr. Teeple's analysis of bank records, cash flows, and financial data tracing the movement of funds through accounts used by Debtor or its affiliates, as shown by the record evidence. Trustee cites these paragraphs in support of the Statement of Uncontroverted Facts, and Defendant raises evidentiary objections to certain portions of the declaration.

The Court does not rely on the Teeple Declaration for the truth of any characterization regarding the purpose, ownership, or legal status of any entity or account, and considers any background descriptions only to identify referenced accounts and entities appearing elsewhere in the record. The Court addresses only those objections that bear on the declaration paragraphs material to summary judgment and relied upon in resolving the motion; objections directed to other portions of the Teeple Declaration not cited in the Statement of Uncontroverted Facts or relied upon by the Court are moot. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248.

### 1. Lack of Foundation

The lack-of-foundation objection to Teeple Declaration ¶ 5 is OVERRULED.

Paragraph 5 summarizes the amount and timing of transfers derived from Debtor's bank records and related financial data reviewed by Mr. Teeple in his capacity

as Trustee's accountant. Defendant's objection challenges the sufficiency of the underlying data supporting the transfer totals, rather than the admissibility of the testimony. To the extent Defendant challenges the completeness or accuracy of the summary methodology underlying the transfer totals, that objection goes to the weight of the summary evidence under Rule 1006 and *Paddack*, not to its admissibility at the summary judgment stage. *See Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1260-61 (9th Cir. 1984).

At the summary judgment stage, evidence need not be presented in admissible form so long as the substance of the evidence could be presented in admissible form at trial, including through the admission of the underlying business records or testimony from an appropriate custodian. Fed. R. Civ. P. 56(c)(2); *Fraser v. Goodale*, 342 F.3d at 1036-37.

### 2.      Lack of Foundation and Personal Knowledge

The lack-of-foundation and personal-knowledge objections to Teeple Declaration ¶¶ 6, 7(a)-(f), 8, 9, 10, 16, and 19 are OVERRULED to the extent relied upon by the Court as set forth below.

Mr. Teeple does not purport to testify as a percipient witness to the underlying transactions. Rather, he testifies regarding his review and analysis of Debtor's financial records, including bank statements, transfer data, schedules, the claims register, and UCC filings. Such testimony does not require personal knowledge of the underlying events for purposes of summary judgment, and personal knowledge may be inferred from a declarant's professional role and responsibilities in reviewing and analyzing the records on which the Court relies. *See Barthelemy v. Air Line Pilots Assn.*, 897 F.2d at 1018.

At the summary judgment stage, it is sufficient that the substance of the evidence could be presented in admissible form at trial. Fed. R. Civ. P. 56(c)(2); *Fraser v. Goodale*, 342 F.3d at 1036-37.

The Court does not rely on Teeple Declaration ¶ 10 to establish the purpose or

ownership of Maverick, but only for contextual background regarding the existence of affiliated entities. To the extent Defendant's objection to ¶ 10 asserts reliance on the Lee or Diab declarations, the Court does not rely on Teeple Declaration ¶ 10 to establish those facts, and the objection is therefore moot. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248.

### 3.   Improper Opinion

The improper-opinion objections to Teeple Declaration ¶¶ 10 and 16(a)-(b) are OVERRULED to the extent relied upon by the Court for the limited factual purposes described below.

The Court does not rely on Mr. Teeple to offer expert opinions, valuation opinions, or ultimate legal conclusions but only to summarize and analyze Debtor's financial records. Paragraph 10 is considered only for factual information regarding the use of affiliated entities as reflected in Debtor's records, and ¶ 16(a)-(b) is considered only for the factual identification and the tracing of transactions reflected in financial records. The Court does not rely on ¶ 16(a)-(b) for any conclusion regarding ownership, control, intent, or legal effect of the transactions. To the extent Defendant characterizes this testimony as improper opinion or legal conclusion, the objection is overruled because the Court relies on the testimony solely for these limited factual purposes and not for any expert analysis or legal conclusion at summary judgment. *See Burch v. Regents of Univ. of California*, 433 F. Supp. 2d at 1119.

### 4.   Improper Summary

The improper-summary objection to Teeple Declaration ¶ 5 is OVERRULED.

Mr. Teeple's summaries reflect compilations derived from multiple financial records. Fed. R. Evid. 1006 does not require exclusion at the summary judgment stage where the underlying documents may be presented in admissible form at trial. Fed. R. Civ. P. 56(c)(2); *Fraser v. Goodale*, 342 F.3d at 1036-37.

### 5.   Best Evidence

The best evidence objections to Teeple Declaration ¶¶ 5, 6, 7(a)-(f), 9, 16, 19,

and 20 are OVERRULED to the extent relied upon by the Court.

Mr. Teeple does not seek to prove the contents of any single writing through testimonial substitution. Rather, he summarizes and references financial records derived from multiple sources. The best evidence rule is not violated where the writings themselves may be produced and the testimony merely identifies or references them, rather than substituting for their contents. *See United States v. Bennett*, 363 F.3d at 953.

At summary judgment, exclusion is not required where the underlying documents are available for consideration or could be presented in admissible form at trial. Fed. R. Civ. P. 56(c)(2); *Fraser v. Goodale*, 342 F.3d at 1036-37.

### 6.     Hearsay

The hearsay objections to Teeple Declaration paragraphs 6, 7(a)-(f), 8, 9(a)-(b), 10, 16, 18, 19, and 20 are OVERRULED to the extent relied upon by the Court for the limited factual purposes described below.

Mr. Teeple's testimony is not offered to prove the truth of out-of-court statements contained in the referenced records, but to explain his analysis of financial records, transfer data, and insolvency-related information derived from Debtor's books and records. To the extent the testimony references underlying business records, claims filings, balance sheets, or UCC filings, the Court relies on the existence and contents of those records themselves as reflected in the record, not on Mr. Teeple's characterization of their legal effect, and those materials may be presented in admissible form at trial through the underlying records and appropriate testimony. At the summary judgment stage, such testimony may be considered so long as it could be presented in admissible form at trial. Fed. R. Civ. P. 56(c)(2); *Fraser v. Goodale*, 342 F.3d at 1036-37.

To the extent Defendant objects that Mr. Teeple's use of phrases such as "I am informed" or "based on my review of the Lee Declaration and the Diab Declaration" constitutes inadmissible hearsay, the Court does not construe that language as offering

the truth of any out-of-court statement, but only as describing the basis for Teeple's analysis; the Court does not rely on the truth of any such statements through Mr. Teeple's testimony.

### 7.   Relevance

The relevance objections to Teeple Declaration ¶¶ 8, 10, and 18 are OVERRULED to the extent the Court relies on those paragraphs for the limited factual purposes described below.

Paragraph 8 is relevant to the amount and timing of transfers made to Defendant. Paragraph 10 is considered only to identify referenced accounts and entities appearing elsewhere in the record, and not for the truth of any characterization regarding purpose or ownership. Paragraph 18 is relevant to Trustee's insolvency analysis as reflected in the financial records reviewed. Objections asserting irrelevance or lack of probative value do not warrant exclusion at the summary judgment stage. *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d at 1119.

### 8.   Personal Knowledge

The personal-knowledge objection to Teeple Declaration ¶ 19 is OVERRULED to the extent relied upon by the Court for the limited factual purposes described below.

The Court does not rely on Teeple's "I am informed" phrasing or any narrative characterization to prove insolvency. To the extent the Court relies on ¶ 19, it relies only on the existence of UCC filings and claim amounts as reflected in the record, not on Mr. Teeple's description of their legal effect. Authentication and best-evidence issues may be resolved at trial through the filings themselves and competent testimony, and evidence may be considered at summary judgment to the extent it could be presented in admissible form at trial. Fed. R. Civ. P. 56(c)(2); *Fraser*, 342 F.3d at 1036-37.

### 9.   Lack of Authentication

The lack-of-authentication objections to Teeple Declaration ¶¶ 5 and 16 are OVERRULED to the extent relied upon by the Court.

Defendant contends the referenced bank statements, financial records, and

related documents have not been authenticated as true and correct copies and lack custodial testimony. At the summary judgment stage, however, documents may be considered so long as the substance of the evidence could be presented in admissible form at trial, and authentication does not require the specific form of affidavit demanded by Defendant. Fed. R. Civ. P. 56(c)(2); *Fraser v. Goodale*, 342 F.3d at 1036-37.

The Court does not rely on Mr. Teeple to authenticate the documents for trial, but relies on the records themselves only to the extent they may be authenticated through a custodian or other competent witness at trial. Any remaining authentication objections therefore do not warrant exclusion at summary judgment.

### 10. Conclusion as to Mr. Teeple

Defendant's Evidentiary Objections to the Declaration of Joshua R. Teeple are OVERRULED.

///

///

**III.    Conclusion**

For the foregoing reasons stated above, the Court ORDERS as follows:

      1.    The Evidentiary Objections to the Declaration of Tony Diab are OVERRULED.

      2.    The Evidentiary Objections to the Declaration of Bradford Lee are OVERRULED.

      3.    The Evidentiary Objections to the Declaration of Sarah Mattingly are OVERRULED.

      4.    The Evidentiary Objections to the Declaration of Joshua R. Teeple are OVERRULED.

**IT IS SO ORDERED.**

**###**

Date: March 11, 2026

Scott C. Clarkson
United States Bankruptcy Judge

-20-